NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022[*]
Decided August 31, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-2581

| | |
|---|---|
| LA VERNE FOSTER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:19-cv-3735-JPH-MJD |
| LOUIS DEJOY, | |
| Postmaster General, | James P. Hanlon, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

La Verne Foster appeals the summary judgment entered for her former employer, the United States Postal Service, on her claim that she was subjected to a hostile work environment under Title VII based on sexual harassment. But because

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Foster failed to submit evidence showing that the harassment was severe or pervasive, we affirm.

We construe the facts in favor of Foster, the party challenging summary judgment. *See Swyear v. Fare Foods Corp.*, 911 F.3d 874, 877 (7th Cir. 2018). Foster worked as a mail processing clerk at the Postal Service from 1999 through 2009, took disability leave for a few years, and then returned to her job in 2012. In 2014 she complained to her employer that her supervisor was sexually harassing her by "stalking her, saying inappropriate things to her, and paging her excessively," and by altering her leave requests so he could "force [her] to attend a counseling session with him."

The Postal Service investigated Foster's complaint but found no evidence to support her allegations. (Each witness—including nine whom Foster had identified—denied observing the harassment she described.) Foster appealed the Postal Service's decision to the Equal Employment Opportunity Commission, which affirmed.

Foster sued the Postal Service under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, for subjecting her to a hostile work environment based on sexual harassment. (She also alleged that the agency violated other statutes not relevant here.) During discovery, Foster offered more detail about her supervisor's conduct. At her deposition she described his behavior as "aggressive" and "offensive." She testified that he "pursu[ed] [her] like a person that wanted to be in a relationship," stared at her, and "show[ed] up on all [her] breaks" or "when [she] talked to other men."

The judge entered summary judgment on Foster's hostile-workplace claim, concluding that no reasonable jury could find her supervisor's actions "objectively offensive." The judge noted that the alleged conduct was "not appropriate" but "required speculation" as to whether it was sexual in nature.

On appeal Foster generally asserts that the judge "applied the wrong laws" to her hostile-workplace claim. But she does not elaborate on how or why she believes the judge misapplied the law. Regardless, to survive summary judgment on this claim, she needed to present sufficient evidence to create a fact question over whether because of her sex, she was subject to severe or pervasive conduct that created an offensive or abusive work environment. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Swyear*, 911 F.3d at 880. Here, the judge properly decided this case based on a failure of proof. Although she testified that her supervisor's behavior was frequent—i.e., on "all [her] breaks"—she presented no evidence that his actions were so severe that they involved

physical contact or interfered with the terms or conditions of her employment. *See Harris*, 510 U.S. at 23 (listing factors to consider in determining whether an environment is hostile); *Swyear*, 911 F.3d at 881.

We have considered Foster's remaining arguments, and none merits discussion.

AFFIRMED